## H. S. Judd Manufacturing Company, Defendant in Error, v. Paris Dyeing & Cleaning Company, Plaintiff in Error.

### Gen. No. 15,633.

MUNICIPAL COURT—*when judgment not disturbed.* A judgment of the Municipal Court will not be reversed unless the Appellate Court "shall be satisfied that the judgment is contrary to the law and the evidence, or that the judgment resulted from substantial errors directly affecting the matters at issue between the parties."

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

CHARLES DANIELS and SUMNER C. PALMER, for plaintiff in error.

LESTER E. LEE, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Defendant in error recovered a verdict and judgment for $325 in an action of the fourth class in the Municipal Court of Chicago, brought to recover the selling price of a washer machine which it claimed to have sold and delivered plaintiff in error. We are asked to reverse this judgment upon the contentions that (1) the court permitted the admission of improper evidence; (2) that the court made improper comments upon the testimony of a witness for plaintiff in error; and (3) that the verdict and judgment were manifestly against the weight of the evidence.

The Judd Company claims to have sold and delivered a washing machine to the Paris Dyeing & Cleaning Company, which company denies its liability and asserts that the machine was purchased, if at all, not by it, but by one Arnold Arn, then its president, and also owner of the plant of the American Dyeing & Cleaning Company, at which place the

machine was delivered and set up; further contending that it was so delivered and set up upon the understanding that, if Arn should rent the plant he should purchase the machine, or if he sold the plant, he would try and sell the washer with it.

Plaintiff in error further contends that the court below erred in allowing counsel for the other side to ask leading questions, and also in admitting testimony as to the actions of Arn and Koenig, then respectively president and vice president of the Paris Company, without showing affirmatively that, at the time specified, they were acting on behalf of the company.

During the first three months of 1908 the Paris Dyeing & Cleaning Company was conducting its business at 31st street and Wentworth avenue, Chicago, and the American Dyeing & Cleaning Company plant was located a few blocks away; some time about March, 1908, the plant of the American Dyeing & Cleaning Company, upon which Koenig had a chattel mortgage, was bought in by Arnold Arn, and for about two months was kept open and conducted by one Arnold Gilbert, an employee of the Paris Dyeing & Cleaning Company, whose salary while thus conducting the plant of the American Dyeing & Cleaning Company was paid as usual by the Paris Company.

Two questions of fact were involved; (1) whether the Paris Company was responsible because of the alleged purchase of the machine,—its contention being that if the machine was purchased at all, it was by Arn, either acting alone or with Koenig individually, not on behalf of it; (2) whether the machine was sold at all or simply placed upon the premises and connected up, with the understanding that Arn should pay for it, if he continued to conduct the business, or that, if he sold the business, he would endeavor to sell the machine with it.

Upon the evidence and instructions it was clearly a question for the jury to determine whether an absolute sale of the machine was made, and, if made, then to whom. The jury were specifically instructed that, in order to recover, they must believe from the evidence that the sale was made

602    APPELLATE COURTS OF ILLINOIS.

H. S. Judd Mfg. Co. v. Paris Dyeing & C. Co., 162 Ill. App. 600.

to the Paris Dyeing & Cleaning Company, and the machine delivered to it, or to the place designated by it, and accepted by it.

This case is governed by section 23 of the Municipal Court Act, which provides that this court shall not reverse the action of the court below, unless it "shall be satisfied that the judgment is contrary to the law and the evidence, or that the judgment resulted from substantial errors directly affecting the matters at issue between the parties.

The evidence was conflicting. There was evidence in the case, upon which the theory of the plaintiff, as well as that of the defendant, could have been reasonably predicated.

After a careful examination of the record, we are unable to say that the verdict and judgment of the court below were wrong. Upon the evidence heard by the jury, we might have reached a different conclusion, and yet the fact remains that here was a very heavy machine, weighing about 2,600 pounds, delivered and set up and connected with pipes to other machinery in the building, involving several days' labor, and the consequent difficulty in removing the machine without injury, and the fact that Gilbert was in charge of the plant, and was all the time being paid by the Paris Company, and the further fact that the Judd Company sent a bill for the machine with a letter to the Paris Company, to which no reply was made for more than a month, all tend to justify the verdict of the jury.

We do not think there is any substantial ground for complaint against the action of the court in the matter of admitting evidence, nor do we think the comment which the court made upon the testimony of the witness sufficient to authorize a reversal of the judgment.

The judgment will, therefore, be affirmed.

*Affirmed.*